IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ALFRED LEE MAULDIN #14877-075, )
)
    Petitioner, )
) No. 1:16-cv-00074
v. )
) Chief Judge Sharp
STATE OF TENNESSEE, )
)
    Respondent. )

# MEMORANDUM

On August 29, 2016, Petitioner Alfred Lee Mauldin filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 challenging the validity of his 1992 convictions in Maury County Circuit Court in case numbers 7306, 7307 and 7308. (ECF No. 1.) In an order submitted with the petition, the Tennessee Supreme Court summarized the procedural history of state-court litigation regarding those convictions:

> These cases originated with the appellant, Alfred Lee Mauldin's, 1992 convictions for three counts of selling cocaine. Although at one point he unsuccessfully sought "expungement" of the convictions, the appellant did not otherwise appeal the convictions or pursue post-conviction relief until February 26, 2015, when he filed a petition seeking habeas corpus, error coram nobis or audita querela relief.

*Alfred Lee Mauldin v. State of Tennessee*, No. M2015-01319-SC-R11-PC (Tenn. July 15, 2016) (ECF No. 1-3, at 1). The February 2015 state court petition, filed "well over twenty-two years after the entry of final judgment in this case," was itself untimely under state law requiring such petitions to be filed within one year of the date of final judgment. *Alfred Lee Mauldin v. State of Tennessee*, No. M2015-01319-CCA-R3-PC, slip op. at 2 (Tenn. Ct. Crim. App. Jan. 21, 2016). Even the referenced petition to expunge Petitioner's record was not filed until May 18, 1999, *Mauldin v. State*, No. M1999-00532-CCA-R3CD, 2000 WL 284179, at *1 (Tenn. Ct. Crim. App. Mar. 17, 2000).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d). Under this provision, the limitations period runs from the latest of four enumerated events:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Although the running of the period is tolled while any "properly filed" collateral review petition is pending in state court, *id.*, § 2244(d)(2), the AEDPA tolling provision does not "revive" an already expired limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations bar. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

Petitioner argues in his petition that AEDPA's statute of limitations does not apply to his case because he "was not sentence under [AEDPA], in fact I was sentence before it went into effect." (ECF No. 1, at 14.) Petitioner is incorrect, as the Supreme Court has made clear that for prisoners like Petitioner, whose judgments were final before AEDPA was enacted, the § 2244(d)(1)(A) limitations period ran from AEDPA's effective date of April 24, 1996, and therefore expired on April 24, 1997. *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012). Even Petitioner's first challenge of any kind to his 1992 convictions – the May 1999 petition to expunge his record – was therefore more than two years too late to toll the running of his already expired AEDPA limitations period.

The petition alleges that Petitioner has been "denied the right to challenge" his state convictions (ECF No. 1, at 8), but does not point to any governmental impediment explaining his decades-long delay in bringing this action. He therefore has not established that he is entitled to a new limitations period pursuant to § 2244(d)(1)(B). The petition also claims "newly discovered evidence," but does not make entirely clear what the evidence is or when it was discovered, and alleges that Maury County Circuit Court lost his "original WRIT records which cause the delay in [his] whole WRIT process," but does not establish what type of writ he sought in that court, when he did so, or how diligently he pursued his rights in that process. (ECF No. 1, at 14.)

As required by the Sixth Circuit's direction in *Shelton v. United States*, 800 F.3d 292, 293 (6th Cir. 2015) (citing *Day v. McDonough*, 547 U.S. 198 (2006)), the Court therefore gave Petitioner notice of the apparent untimeliness of his petition and an opportunity to respond. (ECF No. 3, at 1–2.) Petitioner's response, like his petition, is rambling and inarticulate. He alleges that "its a fact that the state withhelded critical evidence from the defense," and refers to "the 104-Pages submitted with the filed petition" as constituting that evidence. (ECF No. 6, at 2, 4.) The material submitted with the petition includes: state and federal court judgments, orders and appellate decisions; photocopies of the Tennessee Constitution and various statutes; Tennessee Department of Correction records pertaining to Petitioner's sentence; a "Common Law Copyright Notice" drafted by Petitioner; and a letter from the Columbia chief of police dated December 17, 2015, indicating that the Columbia police department does not have the records pertaining to Petitioner's 1991 offenses and that the officers listed on certain subpoenas never worked for that department. (ECF No. 1-3, esp. at 2.) Aside from the letter, nothing in this batch of documents, or those attached to Petitioner's response (ECF No. 6, at 10–39) could even arguably constitute evidence pertinent to his convictions.

It appears that Petitioner takes the letter to be evidence that the officers who arrested

3

him were imposters or "unknown accusers," and that his arrest was therefore an "illegal sting operation" and his indictments "fictitious." (ECF No. 1, at 1, 2; ECF No. 6, at 4.) But Petitioner's own assertion that the officers who arrested him purported to be "DEA Drug Task Force Agents" (ECF No. 1, at 2) explains why they were not members of the local police department. Moreover, even if Petitioner's arrest by someone other than a Columbia police officer had any impact on the validity of his conviction, Petitioner's lack of diligence in waiting 23 years to inquire about the officers' employment status prevents him from successfully relying on § 2244(d)(1)(D) to restart his limitations period in December 2015.

Petitioner also disputes the accuracy of the procedural history recited by the Tennessee Supreme Court (ECF No. 6, at 1–2), but he does not provide dates, captions or courts of filing for any appeals or collateral challenges to these convictions filed before the expiration of his AEDPA limitations period. Petitioner alleges that procedural error on the part of the Maury County Circuit Court clerk delayed the processing of his "original Writ; Writ of Error Coram Nobis And Writ of Audita Querela," which he says was filed "timely after the Supreme Court of the United States decision in Johnson, supra." (ECF No. 6, at 4.) The Court takes this as a reference to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was decided on June 26, 2015. As discussed further below, *Johnson* declared a portion of the Armed Career Criminal Act (ACCA) – a **federal** sentencing statute applicable to certain **federal** convictions – to be unconstitutionally vague. *Id.* The ACCA and *Johnson* therefore have no bearing on Petitioner's challenge under § 2254 to his **state-court convictions** for drug offenses, and the *Johnson* decision does not provide Petitioner with a new limitations period under § 2244(d)(1)(C). Accordingly, nothing Petitioner filed after *Johnson* was decided constituted a timely challenge to his 1992 convictions or tolled his long-expired AEDPA limitations period.

AEDPA's one-year statute of limitations may be subject to equitable tolling under appropriate circumstances, allowing courts to review otherwise time-barred habeas petitions

4

where the failure to file in a timely fashion "unavoidably arose from circumstances beyond that litigant's control." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 461 (6th Cir. 2012); *accord Holland v. Florida*, 460 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). This is a fact-intensive inquiry to be evaluated on a case-by-case basis, and Petitioner carries "the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Keeling*, 673 F.3d at 462. Petitioner has not carried this burden in either his petition or his response to the Court's previous Order. Accordingly, it is clear that the pending petition is untimely and must be dismissed.

Alternatively, it is now clear that the gist of Petitioner's claim is that he is challenging the use of his 1992 state convictions to enhance his subsequent federal sentence under the ACCA, which has allegedly "cost him over 20-years of 'false arrest' and 'false imprisonment.'" (ECF No. 6, at 2–3.) On November 29, 1995, Petitioner was found guilty by a federal jury in this Court of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Jury Verdict, *United States v. Mauldin*, No. 1:95-cr-00006-1 (M.D. Tenn. Nov. 29, 1995), Docket Entry No. 56. On February 28, 1996, the Court sentenced Petitioner to an effective total sentence of 322 months. Judgment, *id.*, (M.D. Tenn. Feb. 28, 1996), Docket Entry No. 116. On direct appeal, the Sixth Circuit affirmed Petitioner's convictions and sentence and commented on the basis for enhancement of his sentence:

> On Count One (felon in possession of a firearm in violation of 18 U.S.C. § 922(g)), Mauldin received an enhanced sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). It mandates a minimum fifteen year term of imprisonment in the case of a person who violates 18 U.S.C. § 922(g)

and has three prior "serious drug or violent felony offenses," committed on occasions different from one another. Enhancement of Mauldin's sentence was based on three prior "serious drug offenses" under state law.

*United States v. Mauldin*, 109 F.3d 1159, 1162 (6th Cir. 1997). Petitioner's belief that he can attack those three prior state drug offense convictions or the resulting federal sentence enhancement at this point fails for at least two reasons.

First, to the extent Petitioner claims that *Johnson* provides him with an opportunity to challenge the enhancement of his federal sentence, *Johnson* does not even apply to his case because it did not involve the portion of the ACCA pertaining to enhancement for prior drug offenses. Another district court in this circuit has recently explained the distinction:

> *Johnson* does not provide relief to Defendant because, as previously discussed, Defendant received a sentence enhancement based on his three prior convictions for *serious drug offenses*, not *violent felonies*. "Serious drug offense" and "violent felony" are separate terms under the statute. *See* 924(e)(2)(A)-(B). The residual clause invalidated by *Johnson* only related to violent felonies. Thus, *Johnson* is inapplicable to Defendant's case.

*United States v. Jackson*, No. CR 5:07-004-KKC, 2016 WL 3648283, at *2 (E.D. Ky. July 1, 2016). Accordingly, even if the Court could consider this petition as a challenge to Petitioner's federal sentence rather than his state convictions,[1] any *Johnson* claim would fail.

Second, Petitioner's sentence for the 1992 state convictions was community service, a fine and eight years in a community corrections program, set to end on September 18, 2000. (ECF No. 1, at 1; ECF No. 1-3, at 42–45.) In November 1992, the trial court found that Petitioner had violated the rules of community corrections program, revoked the community corrections sentence and transferred Petitioner to the Tennessee Department of Correction (TDOC) to serve the remainder of his eight year sentence. (ECF No. 1-3, at 46.) TDOC records confirm that Petitioner's sentence ended on September 18, 2000. See https://apps.tn.gov/foil-app/results.jsp. The Petitioner describes himself as "a state prisoner in federal custody since

---

[1] Petitioner has already filed multiple motions challenging his federal sentence pursuant to 28 U.S.C. § 2255, and has been repeatedly denied permission to file successive § 2255 motions. See Order Transferring to Sixth Circuit, *Mauldin v. USA*, No. 1:15-cv-00106 (M.D. Tenn. Feb. 25, 2016), ECF No. 14.

1995," and asserts that this is "not a custody case." (ECF No. 1, at 1.) But jurisdiction only exists under § 2254 when a petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001). Once a state sentence has expired, enhancement of a federal sentence on the basis of the state conviction does not provide a new opportunity to bring a collateral challenge to the state conviction under either § 2254 or § 2255:

> On its face, the [§ 2254] petition challenges the 1981 convictions, convictions for which Petitioner is not "in custody" since their sentences had expired by the time he filed his petition. Accordingly, we lack subject matter jurisdiction to consider his petition. *See Maleng* [*v. Cook*], 490 U .S. [488] at 490–91 [(1989)]. Moreover, even if we were to construe his petition as a § 2255 petition attacking his current federal sentence, the teaching of *Daniels* [*v. United States*, 532 U.S. 374 (2001)] and [*Lackawanna Cnty. District Attorney v.*] *Coss*[, 531 U.S. 923 (2001)] is clear: Petitioner cannot rely on §§ 2254 or 2255 as vehicles to challenge his prior convictions used to enhance his current federal sentence. Like the petitioner in *Daniels*, Petitioner "is without recourse" because his "prior conviction[s] used to enhance [his] federal sentence [are] no longer open to direct or collateral attack in [their] own right because the defendant failed to pursue those remedies while they were available." *Daniels*, 532 U.S. at ——, 121 S.Ct. at 1583.

*Steverson*, 258 F.3d at 525. Like the petitioners in *Steverson* and *Daniels*, Petitioner failed to challenge his 1992 state convictions while remedies were still available, and may not do so now despite their impact on his federal sentence. This Court therefore lacks jurisdiction over this petition regardless of its timeliness or of what type of petition it is construed to be.

For the forgoing reasons, it is apparent that Petitioner is not entitled to relief. This action will be dismissed as untimely and for lack of jurisdiction.

An appropriate Order shall enter.

Kevin H. Sharp, Chief Judge
United States District Court