IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| ALFRED LEE MAULDIN #14877-075, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:16-cv-00074 |
| v. | ) | |
| | ) | Chief Judge Sharp |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Alfred Lee Mauldin has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus and has now paid the filing fee. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, this Court is to promptly examine the petition and to promptly dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." On September 13, 2016, the Court gave Petitioner notice that it appeared from his petition and exhibits that his petition was untimely, and gave Petitioner 30 days to show cause why the petition should not be dismissed as barred by the statute of limitations in 28 U.S.C. § 2244(d). (ECF No. 3.) Petitioner filed his response on September 26, 2016. (ECF No. 6.)

For the reasons set forth in the accompanying Memorandum, it plainly appears from Petitioner's submissions that Petitioner's challenge to his 1992 state court convictions is time-barred, and that the Court lacks jurisdiction to consider his petition as a challenge to the use of those convictions to enhance his 1995 federal sentence. Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 2244(d) and Rule 4 of the Rules Governing § 2254 Cases.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R.

App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing that the appeal will succeed," *Miller–El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

Petitioner has not satisfied the requirements for a COA, because reasonable jurists would not find dismissal of this action debatable. Accordingly, a certificate of appealability is **DENIED**. Petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

_____
Kevin H. Sharp, Chief Judge
United States District Court